**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**
----------------------------------------------------------------x

| | |
|---|---|
| In re: | Chapter 7 |
| BRUCE R. RABINOWITZ & RENEE B. RABINOWITZ | |
| Debtors. | Case No. 12-24040 (RDD) |

----------------------------------------------------------------x

| | |
|---|---|
| BENZAQUEN & CLASSIC RESTORATION ENTERPRISES, INC. | Adversary Proceeding |
| Plaintiffs | |
| v. | |
| BRUCE R. RABINOWITZ & RENEE B. RABINOWITZ | No. 13-08207 (SHL) |
| Defendants. | |

----------------------------------------------------------------x

**MEMORANDUM OPINION AND ORDER GRANTING
PLAINTIFFS' RENEWED MOTION FOR SUMMARY JUDGMENT**

A P P E A R A N C E S:

**H. Scott Ziemelis**
*Counsel for Melvin Benzaquen and
Classic Restoration Enterprises, Inc.*
261 Greenwich Avenue
Goshen, New York 10924

**Michael A. Koplen, Esq.**
*Counsel for the Defendants/Debtors*
14 South Main Street
New City, New York 10956

**SEAN H. LANE**
**UNITED STATES BANKRUPTCY JUDGE**

Before the Court is the renewed motion for summary judgment of plaintiffs Melvin Benzaquen and Classic Restoration Enterprises, Inc. (the "Plaintiffs") in the above-captioned adversary proceeding (the "Renewed Motion") (ECF No. 9). Defendants did not oppose the renewed motion. The Plaintiffs argue that the debt owed to them by Defendants arose out of willful and malicious acts, and should be excepted from a bankruptcy discharge pursuant to Section 523(a)(6) of the Bankruptcy Code. Compl. ¶ 5 (ECF No. 1). For the reasons set forth below, the Renewed Motion is granted.

## BACKGROUND

The debt here relates to settlement agreements made between the Plaintiffs and Debtor Bruce Rabinowitz in litigation before the Supreme Court of the State of New York, Orange County (the "Orange County Court") between 2010 and 2012. *See, e.g.*, Pl.'s Statement of Facts ¶ 7 (ECF No.5 Ex. 2); Order of the Supreme Court of the State of New York, Orange County dated October 11, 2012 at 1 (the "Order of Oct. 11, 2012") (ECF No. 5 Ex. 4); Def. Opp. to First Motion for Summary Judgment ¶ 2 (ECF No. 7).

As the Orange County Court explained, Debtor Bruce Rabinowitz and the Plaintiffs entered into a settlement in May 2010 to resolve "any and all claims relating to repair work performed by Plaintiffs on [Debtor's] vehicle." Order of Oct. 11, 2012 at 1. That settlement included a provision that Bruce Rabinowitz expressly agreed not to discuss with anyone any alleged wrongdoing that he was claiming. *Id.* In August 2010, Plaintiffs brought a separate action claiming that the Debtor breached the May 2010 settlement agreement with this second action settled by the parties in October 2010 on the record in open court. *See* Order of the Supreme Court of the State of New York, Orange County dated April 23, 2012 at 2 (the "Order

2

of Apr. 23, 2012") (ECF No. 9 Ex. 2). The October 2010 settlement was memorialized and incorporated into an Order of Settlement on January 11, 2011. Order of Oct. 11, 2012 at 1; Order of Apr. 23, 2012 at 3.

Plaintiffs subsequently filed an application seeking to hold the Debtor in contempt for willful and repeated defiance of the January, 2011 Order of Settlement. Order of Oct.11, 2012 at 2. The Orange County Court agreed, finding that Debtor Bruce Rabinowitz violated the May 2010 settlement agreement and January 2011 Order of Settlement. Order of Apr. 23, 2012 at 13. Specifically, the Court found that:

> [the Debtor Bruce] violated the terms of the parties' Settlement Agreement and correspondingly, this courts' Order of Settlement. The Court also concludes and so finds, that the violation defeated, impaired, impeded, or prejudiced the rights of plaintiffs by depriving them of the benefit of their settlement and by disparaging them in the conduct of their business. Further, although not required, the court likewise finds that the violations were willful.

*Id.*

Additional proceedings were subsequently held on the issue of damages. *See* Order of Oct. 11, 2012 at 2. The parties subsequently resolved the issue of damages by having the Orange County Court approve a settlement calling for Defendants to pay the Plaintiffs an aggregate settlement amount of $10,000, payable in monthly installments of $833.33. *Id.* at 2-3. The settlement was secured by a confession of judgment for $40,000, also dated October 11, 2012. *See* Conf. of Judg't. (ECF No. 5 Ex. 4 at 5). In the same order of settlement, the Orange County Court noted that Renee Rabinowitz had submitted to the jurisdiction of the court, *id.* at 1, and was ordered to "personally guaranty any and all payments and obligations under th[e] Order of Settlement." *Id.* at 2.

3

In November 2012 the Debtors filed a bankruptcy petition to seek a discharge of their debts, including the amount owed under the parties' settlement agreement and related order of October 11, 2012.  *See* Debtors' Voluntary Petition, Case No. 12-24040-rdd, ECF No. 1.  The Plaintiffs filed this adversary proceeding seeking a determination that the debt owed to them is excepted from discharge under Section 523(a)(6) of the Bankruptcy Code.  Compl. ¶¶ 5, 25. Plaintiffs filed an initial motion for summary judgment, which was opposed by the Debtors. ECF Nos. 5 and 7.  In an oral decision on January 17, 2014, this Court denied Plaintiffs' initial motion, finding that the Plaintiffs did not provide sufficient evidence to make the requisite finding that Debtors' conduct was "willful and malicious" as required by Section 523(a)(6).  The Court further noted that its decision was without prejudice to Plaintiffs filing of a renewed summary judgment motion with additional evidence.

On January 20, 2014 Plaintiffs submitted a letter "to supplement [its prior] moving papers to [provide] further proof" that it was entitled to an exception to discharge.  *See* Plaintiff's Letter Supplementing Motion Objecting to Dischargeability of Debt (the "Plaintiff's Letter") (ECF No. 9).  The Plaintiff's Letter included a copy of the Orange County Court's Order dated April 23, 2012 as additional evidence to support their motion.  *Id*.  Debtors filed a letter informing the court that they had no objections to the Plaintiff's filing.  Main Case ECF No. 38.  This Court subsequently entered an order notifying the parties of the Court's intent to treat plaintiff's letter as a renewed motion for summary judgment, and setting a deadline of February 14, 2014 for Debtors to respond.  ECF No. 10.  Debtors did not file any response.

4

**LEGAL STANDARD**

**I. Standard for Summary Judgment**

Federal Rule of Civil Procedure 56(c) is applicable to bankruptcy cases under the Federal Rules of Bankruptcy Procedure. Fed. R. Bankr. P. 7056. Rule 56(b) provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Id.* A genuine dispute of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 244, (1986). A fact is considered material if it "might affect the outcome of the suit under governing law." *Young v. Paramount Communications* (*In re Wingspread Corp.*), 155 B.R. 658, 662 (Bankr. S.D.N.Y. 1993) citing *Anderson*, 477 U.S. at 248.

The moving party on summary judgment bears the burden to demonstrate that there is no genuine dispute of material fact. *Stern v. Trustees of Columbia Univ.*, 131 F.3d 305, 312 (2d Cir. 1996). The burden then shifts to the non-moving party to "go beyond the pleadings and by [its] own affidavits, or by the depositions, answers to interrogatories, and admissions on file" in order to demonstrate a genuine issue of fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324, (1986). A court should grant the motion if "the record, taken as a whole, could not lead a rational trier of fact to find for the non-moving party." *Bundy Am. Corp. v. Blankfort* (*In re Blankfort*), 217 B.R. 138, 143 (Bankr. S.D.N.Y. 1998) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, (1986)).

Unopposed summary judgment motions require a court to consider the merits of the moving party's request. *See Vermont Teddy Bear Co., Inc. v. 1-800 Beargram Co.,* 373 F.3d 241, 244 (2d Cir. 2004). As the Second Circuit noted in *Vermont Teddy Bear*, "the failure to

5

oppose a motion for summary judgment alone does not justify the granting of summary judgment. Instead, the [trial] court must still assess whether the moving party has fulfilled its burden of demonstrating that there is no genuine issue of material fact and its entitlement to judgment as a matter of law." *Vermont Teddy Bear Co., Inc. v. 1-800 Beargram Co.,* 373 F.3d 241, 244 (2d Cir. 2004); *see Magnuson v. Newman*, 2013 U.S Dist. LEXIS 138595, at *5-6 (S.D.N.Y. Sept. 25, 2013).[1] Undisputed facts contained in the Rule 56 statement, properly accompanied by admissible evidence, are nonetheless deemed admitted. *Benavidez v. Plaza Mex. Inc.* 2012 U.S. Dist. LEXIS 19206, at *11 (S.D.N.Y. Feb 14, 2012); *see* Local Rule 7056-1(d). But a court must ensure the "averments in the movant's Rule 56.1 statement are support by evidence and show an absence of a genuine issue for trial." *Id*., at *9-10 (citing *Morisseau v. DLA Piper*, 532 F. Supp. 2d 595, 618 (S.D.N.Y. 2008)).

## II.  Non-Dischargeable Debt Under 11 U.S.C.  523(a)(6)

Section 727(a) of the Code requires the court to grant a discharge to the debtor of pre-petition debts, subject to certain limitations and exceptions. *See* 11 U.S.C. §727. A creditor seeking to except a particular debt from discharge can object under Section 523, which excepts debts incurred by means of "willful and malicious injury by the debtor to another entity or to property of another entity." 11 U.S.C § 523(a)(6). To satisfy the willful prong, a party must show that the debtor intended a specific injury, not just the act that caused the injury. *See Kawaahau v. Geiger*, 523 U.S. 57, 61 (1998). As to the second prong, malice has been defined by the Second Circuit as "wrongful and without just cause or excuse, even in the absence of

---

[1]  As the court noted in *Magnuson*, "allegations of uncontested fact cannot be deemed true simply by virtue of their assertion in a Local Rule 56.1 statement….the district court…must be satisfied that the citation to evidence in the record supports the assertion." *Magnuson,* 2013 U.S. Dist. LEXIS 138595, at *5-6.

6

personal hatred, spite, or ill-will.'' *Navistar Fin. Corp. v. Stelluti* (*In re Stelluti*), 94 F.3d 84, 87 (2d Cir. 1996).

Damages for the "garden variety" breach of contract claims do not necessarily fall within the scope of Section 523(a)(6). *See Bundy Am. Corp. v. Blankfort* (*In re Blankfort*), 217 B.R. 138, 143 (Bankr. S.D.N.Y. 1998). However, a debtor's repeated defiance of a court order enjoining certain acts has been found to satisfy the requirements of Section 523(a)(6) and renders the correlating contempt damages non-dischargeable. *Id.*

The party seeking an exception to discharge bears the burden of proof by a preponderance of the evidence. *See Grogan v. Garner,* 498 U.S. 279, 285 (1991); *Hough v. Margulies* (*In re Margulies*), 2013 Bankr. LEXIS 2005, at *9 (Bankr. S.D.N.Y. May 16, 2013) (citing *Ball v. A.O. Smith Corp.,* 451 F.3d 66, 69 (2d. Cir. 2006)). Any ambiguities as to whether the debt falls within Section 523(a)(6) must be resolved in favor of the debtor because, failure to obtain a discharge can "result in a debtor's financial death sentence." *Yankowitz Law Firm v. Tashlitsky* (*In re Tashlitsky*), 492 B.R. 640, 644 (Bankr. E.D.N.Y. 2013); *see also Cazenovia College v. Renshaw* (*In re Renshaw*), 222 F.3d 82, 86 (2d Cir. 2000) ("Courts construe exceptions to discharge narrowly, and in favor of the debtor.").

Notwithstanding this high standard, courts can grant summary judgment on non-dischargeability claims. In *Indo-Med Commodities, Inc. v. Wisell,* for example, the court granted summary judgment on a Section 523(a)(6) non-dischargeability claim based on a pre-petition judgment of a New York state court. *See Indo-Med Commodities, Inc. v. Wisell* (*In re Wisell*), 494 B.R. 23, 28 (Bankr. E.D.N.Y. 2011). Because the debtor did not object to the creditor's motion for summary judgment, the court considered the findings of the state court in support of the judgment to be undisputed. *Id.* However, the court noted that proper application of collateral

7

estoppel still required ". . . an independent analysis of whether those findings are sufficient to support the granting of the requested relief under Section 523(a) in the context of a summary judgment motion." *Id*. Judge Grossman relied on the state court's discussion of "deliberate wrongdoing" and the debtor's acts of "knowingly and intentionally . . . [misleading] and deceiv[ing] customers . . . " in finding that the debtor's behavior constituted willfulness for the purposes of Section 523(a)(6). The court in *Indo-Med* also concluded that there need not have been a *per se* finding of malice in the non-bankruptcy court. *Indo-Med at 42*. Rather, the court determined that the debtor's "behavior implie[d] malice given the circumstances," and as such "supports a finding that the debtor's behavior constitutes "willful and malicious" behavior under Section 523(a)(6). *Id.*

## DISCUSSION

The Court concludes that the Plaintiffs here have satisfied their burden by a preponderance of the evidence that the debt in question should be excepted from discharge under Section 523(a)(6). The Order of April 23, 2012 provides the undisputed factual background upon which to consider Plaintiffs' Motion. *See Indo-Med*. at 28. It sets out facts that easily support the conclusion that the Debtors willfully violated a court order such as:

> Plaintiffs demonstrated by clear and convincing evidence that Rabinowitz violated a lawful court order . . . Here, plaintiffs demonstrated, by clear and convincing evidence, that Rabinowitz violated that provision of the settlement agreement."

Order of Apr. 23, 2012 at 6, 12.

The Orange County Court referenced the various hearings held and orders issued that forbade Mr. Rabinowitz from undertaking certain acts. *Id.* at 2-3. More specifically, the Orange County Court found that the Debtor (Bruce) made certain statements in violation of court orders. The Debtor "agreed to not discuss with anyone, either verbally or in writing, internet postings or

8

governmental agencies, any alleged wrongdoings he is claiming against [Plaintiffs] . . .". Order of Apr 23, 2012 at 11-12.  Notwithstanding those explicit instructions, the Debtors posted statements on various internet websites in contravention of the Order of Settlement. *Id.* at 12-13.  As such, the willful prong of Section 523(a)(6) is easily satisfied.

The second prong of malice is also satisfied. *See Indo-Med*. at 42. "Defiance of a court order constitutes the kind of aggravating circumstances that courts in the Second Circuit have found to be sufficient to satisfy the malicious requirement." *See Bean v. Pion (In re Pion)* 2007 Bankr. LEXIS 3578, at *32 (Bankr. D. Vt., Oct. 22, 2007), *aff'd Pion v. Bean,* 2008 U.S. Dist. LEXIS 53018 (D. Vt., July 11, 2008) (citing *Bundy American Corp. v. Blankfort,* 217 B.R. 138, 145 (Bankr. S.D.N.Y. 1998)).  Such defiance exists here given Defendants' repeated violation of court orders.

Finally, the Court finds that the entire amount of debt determined by the Orange County Court is non-dischargeable. *See Cohen v. de la Cruz*, 523 U.S. 213, 223 (1998) (holding that under 11 U.S.C. § 523(a)(2)(A), the entire debt plus attorney's fees and costs was non-dischargeable in bankruptcy, even though only a portion of that debt was fraudulently obtained); *see also In re Hambley*, 329 B.R. 382, 403 (Bankr. E.D.N.Y. 2005) (finding that a claim based on debtor's embezzlement and fraud was non dischargeable in its entirety).  The Court will not look behind the Orange County Court order of settlement. *See Rahman v. Seung Min Park* (*In re Seung Min Park*), 2011 Bankr. LEXIS 1339, at *18 (Bankr. E.D.N.Y. Apr 8, 2011) (finding that collateral estoppel applied to a pre-petition state court judgment and therefore, the amount excepted from discharge was the sum determined by the state court).[2]

---

[2]    Plaintiff's counsel H. Scott Ziemelis has repeatedly called chambers regarding the status of this matter, with increasing level of agitation.  He most recently left a voice mail message on May 9, 2014, complaining about the length of time it has taken to issue this decision, repeatedly stating that it was "ridiculous."  But he submitted his initial motion for summary judgment without the necessary evidence to meet the legal standard for non-

**CONCLUSION**

For all of the reasons set forth above, the Plaintiffs' Renewed Motion is granted. Judgment of non-dischargeability shall be entered pursuant to Section 523(a)(6) of the Bankruptcy Code. Plaintiffs shall submit a proposed order on notice within five days of the entry of this decision.

IT IS SO ORDERED.

Dated:  New York, New York
        May 12, 2014

                                          */s/ Sean H. Lane*
                                          UNITED STATES BANKRUPTCY JUDGE

---

dischargeability, including the April 23, 2012 order cited heavily above. Moreover, he submitted to chambers a proposed order on the renewed motion only on March 24, 2014, and that proposed order was insufficient for purposes of making the required findings under the applicable Second Circuit law cited above. The Court thus was required to issue this decision.

After the voice mail of May 9, 2014, the Court instructed chambers to schedule a telephone conference with Mr. Ziemelis. But when chambers reached Mr. Ziemelis by telephone, he informed chambers that he didn't see why a conference was necessary and that it was just a waste of time. The Court subsequently cancelled that conference, thus abandoning hope of speaking off the record with Mr. Ziemelis about the tone of his communications with chambers. Given his repeated calls to chambers and the tone of those communications, however, the Court now orders that all of Mr. Ziemelis' communications with chambers—in this or any other case—be conducted in writing, absent further order of the Court.